**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose MADRIGAL and Silverio Cuevas–Cervantes, Defendants–Appellants.**

Nos. 03–3896, 03–3897.

United States Court of Appeals,
Seventh Circuit.

Argued May 17, 2004.

Decided June 23, 2004.

Michael Iasparro, Office of the United States Attorney, Rockford, IL, for Plaintiff–Appellee.

David J. Brown, John M. Nelson, Rockford, IL, for Defendant–Appellant.

Before POSNER, EASTERBROOK, and MANION, Circuit Judges.

## ORDER

Silverio Cuevas–Cervantes and Jose Madrigal were charged in a two-count indictment with conspiracy to distribute and possession with intent to distribute marijuana. The defendants moved to suppress the marijuana seized by DEA agents because, before the agents had obtained a warrant, they had entered the building from which the marijuana was later seized. The district court denied the motion to suppress. Cuevas–Cervantes and Madrigal then pleaded guilty to the conspiracy to distribute count, reserving the right to appeal the denial of their motion to suppress. Cuevas–Cervantes and Madrigal appeal the denial of their motion to suppress. We affirm.

I

On January 15, 2003, a Missouri State Highway Patrol officer stopped Robert Foust in Springfield, Missouri for a traffic violation. After Foust consented to a search of his vehicle, officers discovered approximately 230 pounds of marijuana hidden in a false gas tank in the bed of Foust's Ford pickup truck. Foust agreed to cooperate with law enforcement officials in a controlled delivery of the marijuana to Rockford, Illinois. The next day, at the direction of DEA agents, Foust contacted his source in Texas, informing the source that he had arrived in Rockford. Foust was told to go to the Fairfield Inn in Rockford. Foust did, and shortly thereafter a black Suburban, driven by Dimas Castaneda–Rivas, arrived and parked next to Foust's truck. The passenger in the Suburban, later identified as defendant Silverio Cuevas–Cervantes, accompanied Foust to his hotel room. After this brief meeting, Foust, in his truck, followed Castaneda–Rivas and Cuevas–Cervantes to an auto repair shop located on Preston Street in Rockford. Agents followed and a few minutes later saw defendant Jose Madrigal open the bay door to the building, allowing Foust to back in his truck containing the hidden marijuana.

About ten minutes later, Cuevas–Cervantes and Castaneda left the repair shop. Madrigal left a few minutes later. An agent then called Foust, who was still inside the building with the truck, and asked what was going on. Foust told the agents that Cuevas–Cervantes and Castaneda had gone to purchase some "Bondo" to cover the compartment in which the marijuana was hidden and that Madrigal had gone to get kerosene for a heater. Thirty minutes later the three returned, although Cuevas–Cervantes and Castaneda then left again, leaving Foust and Madrigal in the build-

ing. Agents arrested Cuevas–Cervantes and Castaneda after they left.

After Cuevas–Cervantes and Castaneda were arrested, the agents decided to enter the building without a warrant to secure it. They entered through the south door of the building, arrested Foust and Madrigal, and then secured the building until a search warrant could be obtained. While inside the building, the officers observed 230 pounds of marijuana stacked on the floor next to Foust's pickup truck.

DEA Agent Folven then applied for a federal search warrant. Agent Folven submitted an affidavit in support of the request for the warrant. The affidavit detailed the stop of Madrigal, the discovery of the marijuana in the Ford, and Madrigal's statements regarding his source for the drugs and the destination. Additionally, Agent Folven detailed the various meeting points of the defendants and the transportation of the marijuana to the Preston Street address. The affidavit also included the following paragraph:

> At 1:00 p.m., investigating agents secured the building located at 1401 Preston Street in Rockford, Illinois, in anticipation of securing a search warrant for that building. While securing the building, investigating agents observed approximately 20—25 cellophane bundles of what appeared to be marijuana stacked on the floor next to the target vehicle. This was the same type of packaging that the marijuana was in prior to the controlled delivery.

After a magistrate judge issued a search warrant, agents executed the warrant and recovered the marijuana. A grand jury then indicted Silverio Cuevas–Cervantes, Jose Madrigal, and two others with one count of conspiracy to distribute and possess with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 846, and one count of posses-

sion with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841.

Cuevas–Cervantes and Madrigal filed a motion to suppress the physical evidence obtained during the search. The district court concluded that Cuevas–Cervantes lacked standing to challenge the search because he had no interest in the building in which the marijuana was found. In addition, the district court concluded that the marijuana recovered was admissible because the DEA agents would have obtained a warrant to search the building even without the earlier warrantless search. Accordingly, the district court denied the defendants' motion to suppress. The defendants then entered a conditional guilty plea to count one, reserving their right to appeal the denial of the motion to suppress.

## II.

On appeal, Cuevas–Cervantes first argues that he has standing to challenge the constitutionality of the search. Cuevas–Cervantes and Madrigal then both argue that the district court erred in denying their motion to suppress. Because, as discussed below, we conclude that the district court properly denied the motion to suppress, we need not determine whether Cuevas–Cervantes had standing to challenge the search.

The defendants argue that the marijuana seized from the Preston Street building should have been suppressed because the DEA agents searched the property without a warrant. Although before the district court the government argued that exigent circumstances justified the warrantless search, on appeal the government concedes that exigent circumstances did not justify the warrantless entry. However, the government argues, and the district

court found, that the subsequent search of the Preston Street building was constitutional because the government obtained a search warrant for the building based on independent facts establishing probable cause.

The government is correct, as illustrated by this court's decision in *United States v. Markling*, 7 F.3d 1309 (7th Cir.1993). In *Markling*, agents illegally searched the defendant's briefcase and discovered contraband. The agents later obtained a search warrant for the defendant's hotel room. In the search warrant application, the agents included information as to the contraband found in the briefcase, along with other information. The defendant moved to suppress the evidence found in his hotel room, claiming that it was tainted by the inclusion in the search warrant application of the results of the illegal briefcase search. This court held that the issue was whether the search of the defendant's hotel room "was in fact a genuinely independent source of" the evidence found there. *Id.* at 1315. This court noted that this issue raised two questions. First, whether the illegally obtained evidence affected the magistrate's decision to issue the warrant. Second, whether the agent's decision to seek the warrant was prompted by what had been seen during the illegal search. *Id.* at 1315–16. We concluded that a search warrant procured in part on the basis of the illegally obtained information would still support a search, if the untainted information supporting the warrant were sufficient to establish probable cause. *Id.* We then reviewed the other information contained in the warrant application, and concluded that it established probable cause. *Id.* at 1317. As to the second question, whether the agent's decision to seek the warrant was prompted by the illegal search, this court remanded the case to the district court for a factual finding. *Id.*

Applying the two-prong test of *Markling* in this case demonstrates that the district court properly denied the defendants' motion to suppress. In addition to the paragraph discussing the 230 pounds of marijuana seen during the illegal entry into the 1401 Preston Street building, the search warrant application contained overwhelming evidence of probable cause. Specifically, the application detailed the controlled delivery of the marijuana to the Preston Street building and the fact that the marijuana was not removed from the building. And as quoted above, the marijuana observed in the building was the "same type of packaging" used for the marijuana found in the truck before the controlled delivery was executed. To say the least, the marijuana stacked in the building next to the truck was no surprise. This evidence was more than sufficient to support a finding of probable cause. And although the search warrant application also noted that the agents had seen the 230 pounds of marijuana upon their warrantless entry, that additional fact was unnecessary to the finding of probable cause. They had already seen it before the delivery.

The evidence also shows that the agents would have applied for a warrant regardless of the illegal entry. In fact, in his affidavit in support of the search warrant, Agent Folven attested that "investigating agents secured the building located at 1401 Preston Street in Rockford, Illinois, *in anticipation of securing a search warrant for that building.*" Thus, as the district court noted: "It is also beyond doubt that the police were intending to obtain a warrant, and in fact, did obtain a warrant." The district court also found that "the officers were not prompted to obtain the search warrant from what they observed." Given that the agents knew the marijuana was inside the building from their constant sur-

veillance of Foust's truck, this finding is eminently reasonable. Accordingly, under *Markling*, the marijuana seized was admissible because the search warrant application established probable cause without regard to the inclusion of the information noted from the warrantless search, and the agents would have obtained a search warrant absent that warrantless search. For these and the forgoing reasons, we AFFIRM.